O’Neall, J.
The only question necessary to be considered in this case is, whether the administrator, cum testamento annexo, possesses the power to sell, and convey, the real estate of his testator, which the latter has, by his will, directed his executor to sell, and convey, for the payment of his debts.
In the case of Burger v. Smith, decided by the Court of Appeals, at this place, in 1828, it was held, that where a testator directed a house and lot of land to be sold, after the termination of a life estate, but did not say by whom, the executor of his executor did not possess the power to sell. That case, after a full review and examination of the decided cases, is, at last, put expressly on the ground of intention. It recognizes, however, both in the ground, on which the decision is thus placed, and in the reasoning on the other facts of the case, that if the devise had been, that the land should be sold for the payment of debts, it would, both on the score of intention, *393 dnd in law, have been aft interest and power transmissible from the executor to his executor.
In the case before us,' the executor is directed to sell for the pay1-’ ment of the testator’s debts. This devise made the land assets in , his hands ; and without the aid of the act of 1787, P. L. 423, he could have sold and conveyed. That act, however, provides, first, that when a testator directs a sale of his lands, for payment of his debts, or for distribution of the proceeds among legatees-, but does not direct by whom the sale shall be made, it shall be made by the' executors ; and second, that if the executors die, or renounce, the administrator with the will annexed shall be authorized to sell-, as directed by the will. If this-act were to receive' a strict;, and literal construction, it is possible, that the defendant’s view might be' sustained. But this is a remedial statute, and it is infilled to a libe.' ral construction. In this State, the law in'relation to the liability of the real estate of deceased persons to be sold for the payment of their debts, is very different from what it is in England. ' Here it may be sold under a judgment, upon a debt of any description',' recovered against the executor, or administrator; there it is only liable, in the hands of the heir, to debts by specialty, and debts of a higher ¿rade. With this difference in the law, lands here aré, in some degree, in all cases, assets for the payment of debts. On the application of the executor, or administrator, they are frequently, on a proper case made, ordered, by the Court of Equity, to be sold for the payment of debts. Under this state of the law, ought the act to receive such a construction, as would deprive the person, who must, by law, apply the proceeds of the land, when sold, to the payment of the debts, of the power of making the sate 1 If the testator had not directed his executor to, sell, but had simply directed his lands to be sold, without saying by whom, then, by the very letter of the act of 1787, the administrator would have been intitled to sell: and can it be supposed, that this power was given to him, and that the power tosell, where the executor, if alive, and acting, was authorized to sell, was intended to be denied him 1 I cannot think-so. The uniform construction of the act has been, that the administrator has the power to sell and convey, in all cases, where the land is ordered to be sold by the executor, or where no one has been appointed to make the sale.
The clause of the act, by which this authority is given, is suffi. ciently general to admit this construction. “ If the executor, or executors, should die, or renounce, according ' to law, then, and in that case, the administrator, or administratrix, with the will annex *394 e(^’ ^e authorized, by this act, to sell the real estate of the said deceased as directed in and by the will.” These are the terms of the act, and they seem to apply to all cases in which the executors are authorized to sell, whether by the act, or by the will; and if the executors renounce, or die, the power vests in the administrator, with the will annexed, and he must sell, as directed by the will. If the testator has appointed some person, other than the executor, to make the sale, it is obvious, that the administrator has nothing to do with it; or if the testator has expressly provided, that the sale shall not be made by any other person than the executor > himself, then it would be a personal trust, and no one but the executor could execute it. But when the will makes the sale an incident to the office of the executor, I should think, that under the act of 1787, the administrator would be intitled, by succession, to execute the will by making the sale.
Grimke, for the motion;
Kino, contra.
The motion to reverse the Chancellor’s decree is therefore refused, and his decree affirmed.
Johnson, J., and Harper, J., concurred.

Decree affirmed.